Donahue, J.
The plaintiff in error contends
that the original return of the officer serving the summons upon her in cause No. 13818 on the civil docket of the common pleas court of Ma-honing county is fatally defective, that the decree of court purporting to determine her rights in the property described in her petition is void as to her, and that that court had no jurisdiction to order an amendment of the return of the officer to conform to the admitted facts. Counsel for defendant in error concedes that unless plaintiff in error was duly and legally served with summons in that action the judgment in that case would be void as to plaintiff in error and no bar to a recovery in the second action.
There is a substantial difference between defective service and defective return of service. If the service is defective the court acquires no jurisdiction over the person of the defendant and no jurisdiction to make or enter any order, judgment or decree binding upon a defendant defectively served with process, but if the service was in fact *287 duly and legally made, as directed by the statutes of this state, the court has jurisdiction under the provisions of Section 11363, General Code, to order the return of the officer amended to speak the truth. Where it affirmatively appears from the record of a court of general jurisdiction that the defendant has not been legally served with process, a decree purporting to determine the rights of such defendant is void. If, however, the record is silent on the subject of service or upon any question material to the service it will be presumed that notwithstanding the silence of the . record the court had obtained jurisdiction over the person of the defendant. Lessee of Moore et al. v. Starks, 1 Ohio St., 369. The rule is well stated by Williams, J., in the case of Kingsborough v. Tousley et al., 56 Ohio St., 450, in this language: “The rule generally prevails, and is nowhere more firmly established than in this state, that when it does not otherwise affirmatively appear from the record, it will be conclusively presumed, whenever a domestic judgment of a court of general jurisdiction is drawn in question in any collateral way, that the court regularly acquired and lawfully exercised its jurisdiction over the parties.”
The original return of the sheriff in this case does not affirmatively show that the minor defendant was not legally served with process, but it does fail to state sufficient facts to show that the service was made in manner and form as the statute directs. The statute in force at the time of the' purported service of this summons provided that “When a defendant is under the age *288 of fourteen years, the service must be upon him, and also upon his guardian, or his father; or, if neither his guardian nor his father can be found, then upon his mother, or the person having the care of such infant, or with whom he lives * * * (Section 5047, Revised Statutes of 1880.)
The petition in this action averred that Emma S. Davidson was a minor, that her father, William Davidson, was dead and that she had no duly appointed guardian. These facts should have been noted in or upon the summons as a guide to the sheriff in making the service. It does not appear, however, that anything was noted in or on the summons except that she was a minor. The return upon the summons is as follows: “* * * I personally served the with in named defendant, Emma S. Davidson by delivering to her a true and certified copy thereof with endorsements thereon. I also left a like copy with Mary J. Davidson with whom the minor child resides. * * This service of the summons in this case upon the minor defendant Emma S. Davidson, was in direct conformity with the statute providing for service of summons upon minors under fourteen years of age, but the return of the officer serving the process, taken alone, does not affirmatively show that fact. This return was defective in that it failed to state the facts, now admitted to be true, to-wit, that the father was dead and that no legal guardian had been appointed for the defendant, but in so far as the return states any facts that it was the legal duty of the sheriff to *289 state in relation to the manner of service of summons it does not affirmatively show that the service was not properly made.
Upon the hearing of the motion to amend the return of the sheriff it was admitted by plaintiff in error that her father was then dead, that she had no legal guardian at the time and that she then resided with her mother, Mary J. Davidson, in Mahoning county, Ohio. These admissions, taken in connection with the return of the sheriff, show a valid and legal service of summons in that action, vesting jurisdiction in the court, not only to make and enter the decree against this defendant quieting the plaintiff’s title in the lands described in his petition but also to order the return to be amended by stating these facts therein, not for the purpose of conferring, by ex post facto amendment of the return, jurisdiction upon the court to render a valid judgment, for that judgment was either valid or invalid at the time it was rendered and the subsequent amendment could not change that fact, but rather for the purpose of affirmatively showing upon the record that the court had acquired jurisdiction by process over the person of the defendant and perpetuating the evidence of that fact.
The important question is not whether the return of service is defective, but rather, was the defendant in fact duly and legally served with process ? . So far as this defect in the return of the sheriff is concerned, the defendant is not now contending that she was not duly and legally served with summons. Her contention is that the *290 original return does not fully show that fact. It is true that she disputes the facts stated in the return, but conceding for the present that the facts stated in the return are true and binding upon' her, then the only question is, Will a defective return which does not affirmatively show upon its face that no service was in fact made upon defendant defeat the- jurisdiction of a court over a defendant who was in fact legally served with process? If this defendant had come into court before judgment and moved to quash the service, and these further facts that are not stated in the return of the officer were admitted or proved, the court would have promptly overruled the motion to quash and ordered the return of the sheriff amended to speak the truth. If at any time after the rendition of this judgment, this plaintiff had made a direct attack upon it and it had been admitted or made to appear by the evidence that she had been duly and legally served with summons, but that the return of the sheriff was defective in that it did not show the facts authorizing the service of a copy of the summons to be made upon Mary J. Davidson, her petition would have been promptly dismissed.
It would be a strange construction of the law that would permit a defendant to admit that he had been duly and legally served with summons and yet deny the jurisdiction of the court to render a valid judgment against him merely because the return of the officer serving the process is defective.
*291 Upon the hearing of the motion of Margaret Sparrow to order the return of the sheriff amended, the plaintiff in error denied the truth of the matters and things stated in the return of the officer in relation to the manner of service upon her. In support of this contention she offered as a witness Mary J. Davidson, who testified that at the time of the purported service the father of Rmma S. Davidson was dead, that she had no legal guardian, that she was then a minor under fourteen years of age and resided with the witness, who is her mother, in Mahoning county, Ohio, that no copy of summons was left with the witness and no copy of the summons was served upon this plaintiff in error. This was a question of fact for the court, to be determined as any other question of fact in the case. True, the plaintiff in error did not file a formal written motion to amend the sheriff’s return in conformity with this evidence, but that was the only purpose for which this evidence could be received. It was not pertinent to the questions raised by the motion of Margaret Sparrow. The court found that this evidence was not sufficient to contradict the return made by a sworn officer of the law; that the transaction to which this evidence related occurred so many years prior to the time the witness testified that the facts might have escaped her memory, notwithstanding she was testifying to the truth as- she now remembered it. That issue having been presented to the court in that case, its judgment thereon was final and conclusive upon the parties thereto until vacated or reversed by a court of competent jurisdiction, and *292 she is not now entitled to relitigate the question or offer evidence touching the same issue in a collateral action.
The plaintiff in error prosecuted error to this judgment of the common pleas court, both as to its order sustaining the motion of Margaret Sparrow and ordering the return amended as therein requested and its refusal to further amend the return in conformity with the evidence of Mary J. Davidson. The second assignment of error in the petition in error complains of the exclusion of evidence. The affidavit of Mary J. Davidson was offered, objections made, but no ruling made by the court. Then Mary J. Davidson was called and testified orally as to all the matters and things contained in the affidavit. Even if the court had refused to receive the affidavit in evidence and its refusal to do so was erroneous, the error would be cured by the admission of the oral evidence of the same witness covering the same facts covered by the affidavit, and, therefore, the exclusion of the affidavit of that witness would not be prejudicial to plaintiff in error. The third assignment of error presents in effect the question of the weight of the evidence upon this issue. The court of appeals found that no error intervened to the prejudice of plaintiff in error and affirmed the judgment. This court will not review the judgment of the court of appeals upon the weight of the evidence.
“An official return duly made upon process by a sworn officer, in relation to facts which it is his legal duty to state in it, is, as between the parties *293 and privies to the suit * * * conclusive of the facts stated therein, until vacated or set aside by due course of law.” Phillips v. Elwell et al., 14 Ohio St., 240.
The foregoing doctrine as announced in the case of Phillips v. Elwell et al., supra, has been materially modified by this court in the case of Kings-borough v. Tousley et al., supra, in which case it was held that, notwithstanding the rule as to legal presumption that obtains in favor of jurisdiction, “In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment.”
The court in that case distinguished between an action in rem and one “that involves merely a determination of the personal liability of the defendant.” But that distinction is not here important for the reason that this plaintiff in error elected to proceed under the statute to obtain relief by an amendment of the return of the sheriff of service of summons in that case and prosecuted that form of relief to final judgment in the common pleas court and upon error in the court of appeals, and is now prosecuting error in this court to reverse the judgment of the common pleas court and the judgment of the court of appeals affirming the same. Having elected her remedy she is concluded by the judgment unless this court in this error proceeding reverses that judgment and the *294 judgment of the court of appeals affirming the same.
It therefore follows that the trial court properly-rejected evidence upon the same issue in the collateral suit.
It also appears from this record that a guardian ad litem was appointed for this minor defendant before she was duly and legally served with summons in this case. This would not effect the appearance of the minor nor give the court jurisdiction of her person. The appointment of a guardian ad litem is for the purpose of defense after appearance has been effected by service of process on infants. Lessee of Moore et al. v. Starks, supra. This guardian ad litem, however, did not file an answer until after legal process was complete. His appointment before service of process was irregular, and had she come into court in obedience to the summons legally served upon her she could have caused his removal and secured the appointment of another in his place, had she desired that to be done, but in view of the fact that at the time the answer of this guardian ad litem was filed she had been duly and legally served with process and made no objection whatever to the premature appointment of this guardian ad litem, or to his filing an answer in that capacity, she cannot now be heard to complain. The return as amended shows that the plaintiff in error was duly and legally served with process in the action of Charles Davidson against herself and Mary J. Davidson in cause No. 13818 on the civil docket of that court, and the fact that this return was not *295 ordered amended prior to the judgment, or the next day or the next week or the next month after the judgment had actually been entered, is of no importance. The statute authorizing the court to order such an amendment does not limit the time in which such order may be made. It follows, therefore, that the only limitation of time that could apply would be the time in which evidence is available to establish the facts upon which the order of the court must be predicated. It is undoubtedly true that after a long lapse of time a court would be disposed to demand clear and convincing proofs before ordering the amendment of the return of process, particularly in contradiction of the facts stated therein, but in the particulars in which this return was ordered to be amended there is absolutely no conflict of evidence and no contradiction of the original return. The amendment ordered is merely supplementary thereto. The judgment in that case must be affirmed. The affirmance of this judgment practically determines the other case. While the record in that case presents other and further questions upon which either party might prevail in the absence of the former adjudication of the rights of the parties in this property, yet the fact that the judgment of the common pleas court in action No. 13818 on the civil docket of that court, quieting the title of Charles Davidson in and to these premises as against the claims of this plaintiff in error, is a valid and subsisting judgment, binding on the plaintiff in error and conclusive of her rights in the property described in the petition, necessarily *296 disposes of the second case regardless of the other questions presented therein, and the judgment in that case is also affirmed.

Judgments affirmed.

Nichols, C. J., Johnson, Wanamaker, Newman, Jones and Matthias, JJ., concur.